IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3065 |
| vs. | MEMORANDUM AND ORDER |
| ELEAZAR P. MENESES, | |
| Defendant. | |

This matter is before the Court on the defendant's Motion to Dismiss Indictment (Vindictive Prosecution) (filing 19), the United States Magistrate Judge's Findings, Recommendation and Order recommending that the motion be denied (filing 36), and the defendant's objection to the Magistrate Judge's findings and recommendation (filing 41). Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and will adopt the recommendation of the Magistrate Judge, overrule the defendant's objection, and deny the defendant's motion to dismiss.

A detailed factual background is set forth in the Magistrate Judge's findings and recommendation, and need not be restated in detail here. The short version is that the defendant was charged in state court with drug possession and entered into a plea agreement requiring his cooperation with the Lancaster County Attorney in prosecuting other offenders. *See* filing 21 at 2-4. The defendant cooperated and was eventually convicted and sentenced pursuant to his state plea agreement. Filing 35 at 11-12. Later, Assistant United States Attorney Sara Fullerton, accompanied by Lincoln Police Department investigator Stephen Schellpeper, went to interview the defendant in preparing for an upcoming federal prosecution of another drug dealer. Filing 26-3. The defendant refused to cooperate, and federal charges were brought against him, resulting in this case.[1] *See* filings 1 and 26-3.

The defendant's motion to dismiss is based on his contention that these federal charges represent vindictive prosecution. But the defendant's first attack on the Magistrate Judge's findings is that the Magistrate Judge erred in finding that the defendant breached his state plea agreement. The plea agreement, according to the defendant, did not require him to cooperate with

---

[1] The other case was successfully prosecuted without the defendant's testimony. *United States v. Schwarck*, No. 4:11-cr-3031.

federal authorities. But the defendant does not explain why that matters. The defendant's motion to dismiss is not premised on the plea agreement—that is, the defendant is not arguing that his federal prosecution is foreclosed by the terms of his plea agreement.[2] Whether the defendant breached his state plea agreement is irrelevant at this point.

The defendant also contends that the Magistrate Judge made a factual error, in stating that the co-conspirator who was convicted as a result of the defendant's cooperation was convicted in state court. He was, in fact, convicted in federal court pursuant to a guilty plea[3] (although that would not necessarily preclude a state court prosecution as well). But the defendant again does not explain why this fact is meaningful to the disposition of his current motion.

The defendant's remaining argument is the more important one: the defendant contends that the Magistrate Judge erred in finding this prosecution not to be vindictive. A prosecution designed solely to punish a defendant for exercising a valid legal right violates due process. *Leathers*, 354 F.3d at 961. It is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right. *Id.* A vindictive or improper motive may be proved either by direct or circumstantial evidence. *Id.* But the defendant's evidentiary burden is a heavy one, and the Court is mindful of the broad discretion given to prosecutors in carrying out their duty to enforce criminal statutes. *See id.* The defendant contends that these charges are intended to punish him for asserting two separate rights: (1) his right to counsel, and (2) his right not to cooperate with the prosecution (i.e. his right to remain silent and his right to refuse to voluntarily appear at trial and require the government to subpoena him). *See* filing 42 at 8.

Initially, the Court notes a conflict in the evidence regarding whether the defendant actually invoked a right to counsel during his interview with Fullerton and Schellpeper. The defendant testified before the Magistrate Judge that he told Fullerton and Schellpeper that he needed to speak with an attorney. Filing 35 at 28. Schellpeper, however, averred that the defendant never said that he didn't want to talk or that he needed to talk to an attorney. Filing 26-3.

---

[2] Nor could he, given that the plea agreement expressly states that it is limited to the county attorney, and did not bind "any other federal, state or local prosecuting authorities. . . ." Filing 21 at 3. And there is nothing in this case to suggest that federal prosecution of the defendant is a "sham and cover" for a subsequent state prosecution. *See United States v. Leathers*, 354 F.3d 955, 960 (8th Cir. 2004) (citing *Bartkus v. Illinois*, 359 U.S. 121 (1959)).

[3] *United States v. Castellon*, No. 4:11-cr-3086.

Schellpeper's police report of the interview is consistent with his affidavit, *see* filing 21 at 8-9, and the Court finds Schellpeper's account more credible on that point. And beyond that, the Court finds that the evidence shows this prosecution not to have been motivated by any invocation of the right to counsel. The record establishes that before interviewing the defendant, Fullerton contacted the defendant's trial counsel and asked if he wanted to be part of the interview. Filing 26-2. The defendant's trial counsel declined to participate, because he no longer represented the defendant. Filing 35 at 13-14. But it is simply not credible that Fullerton would contact the defendant's former counsel and invite him to participate in the interview, only to retaliate against the defendant for invoking his right to counsel. In sum, the Court finds that the defendant did not invoke his right to counsel (or, at least, did not make such an invocation understood to Fullerton and Schellpeper), and even if he had, this prosecution is not intended to punish him for it.

Finally, the defendant argues that this prosecution is intended to punish him for, in effect, refusing to cooperate with a federal prosecution. The defendant contends that he was threatened with federal prosecution as a consequence of his failure to cooperate. That, the Court finds, does not describe a constitutional violation, even if it is true. Such a circumstance is substantially indistinguishable from a subsequent prosecution following failed plea-bargaining, which the Supreme Court has expressly stated does not violate a defendant's right to due process. *See Bordenkircher v. Hayes,* 434 U.S. 357 (1978).

It is well-established that there is no due process violation when a defendant is openly presented with the unpleasant alternatives of forgoing trial or facing charges on which he is plainly subject to prosecution. *United States v. Stenger,* 605 F.3d 492, 498 (8th Cir. 2010). Therefore, informing a defendant that an additional charge may be filed if an agreement is not reached is not an improper threat; rather, it is the kind of candid disclosure of the government's bargaining position that is permissible in the context of plea negotiation. *Id.* at 498-99. That reasoning applies equally to a defendant's choice not to cooperate with prosecuting authorities, even if that choice does not arise from the context of explicit plea negotiations. *United States v. Kent,* 649 F.3d 906, (9th Cir. 2011); *see also United States v. Lopez,* 474 F.3d 1208, 1211-12 (9th Cir. 2007), *overruled on other grounds by United States v. King,* 687 F.3d 1189 (9th Cir. 2012); *United States v. Dufresne,* 58 Fed. Appx. 890, 895-96 (3d Cir. 2003) (citing *United States v. Oliver,* 787 F.3d 124 (3d Cir. 1986)).

As the Ninth Circuit has explained, "'the government may, in the course of plea bargaining, offer to reduce charges or threaten reindictment

under more serious charges, and it may make good on either promise. *It may do the same in seeking cooperation in related prosecutions*.'" *Kent*, 649 F.3d at 914 (emphasis in original) (quoting *United States v. North*, 746 F.2d 627, 632 (9th Cir. 1984)). "A prosecutor may threaten a defendant with prosecution during an interview *or* plea negotiations, and if that defendant chooses not to cooperate or plead guilty, the prosecutor is free to initiate a prosecution." *Lopez*, 474 F.3d at 1212 (emphasis supplied). Thus, even if it is assumed that the defendant was indicted because he failed to cooperate, the prosecution was not vindictive or in retaliation for refusing to cooperate. *See Dufresne*, 58 Fed. Appx. at 896.

IT IS ORDERED:

1. The recommendation of the United States Magistrate Judge's Findings, Recommendation and Order (filing 36) is adopted.

2. The defendant's objection to the Magistrate Judge's findings and recommendation (filing 41) is overruled.

3. The defendant's Motion to Dismiss Indictment (Vindictive Prosecution) (filing 19) is denied.

Dated this 27th day of December, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge